```
           UNITED STATES DISTRICT COURT
            MIDDLE DISTRICT OF FLORIDA
               FORT MYERS DIVISION
```

WILLIAM NAYLOR,

    Plaintiff,

v.                              Case No: 2:15-cv-593-FtM-99CM

TEOFILO MELENDEZ and SHAWN MICCICHE,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendants' Motion to Dismiss Count II (Malicious Prosecution) and Memorandum of Law (Doc. #26) filed on December 23, 2015. Plaintiff filed a Response to defendants' Motion to Dismiss Count II (Malicious Prosecution) (Doc. #28) on January 14, 2016, to which defendants filed a Reply (Doc. #33) on February 3, 2016.

**I.**

Plaintiff, William Naylor ("Naylor") brought this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, and Florida law against defendants Shawn Micciche ("Micciche") and Teofilo Melendez ("Melendez"), employees of the Collier County Sheriff's Department, arising out of alleged violations of his Constitutional rights. (Doc. #23.) Plaintiff's Amended Complaint (Doc. #23) alleges that at approximately 2:45 a.m. on January 29,

2015, he was brought to the Collier County Jail Center on a misdemeanor charge. (Id. ¶¶ 6, 27, 48.)  Micciche processed plaintiff's fingerprints, and after a few minutes of engaging in conversation, Micciche became irate and threw plaintiff into the concrete-block wall located a few feet behind plaintiff. (Id. ¶¶ 7-8, 28-29, 49-50.)  Micciche proceeded to beat Naylor. (Id. ¶¶ 9, 30, 51.)  As this was occurring, Melendez jumped on Naylor, striking him with his knee into his chest several times. (Id. ¶¶ 10, 31, 52.)  Plaintiff neither fought back nor resisted. (Id. ¶¶ 11, 32, 53.)

After being attacked and beaten, Micciche and Melendez, along with other unknown employees of the Collier County Sheriff's Office, dragged Naylor along the floor and into a cell without providing or offering any medical treatment. (Id. ¶ 12.)  Micciche and Melendez filed an incident report, claiming that plaintiff resisted Micciche during fingerprinting. (Id. ¶ 13.)  A closed circuit video recording of the incident shows that Naylor did not make any movements that could reasonably be construed as resistance.[1] (Id. ¶¶ 14, 33, 54.)  Plaintiff alleges that at all times material, defendants Micciche and Melendez were acting under color of law in their capacities as correction officers for Collier County Sheriff's Office. (Id. ¶¶ 16, 35.)

---

[1] Plaintiff indicates that he attached a copy of the video to his Amended Complaint as Exhibit A.  (Doc. #23, ¶ 14.)

2

The Amended Complaint was filed on December 16, 2015, asserts three counts: (1) Unjustified Use of Force in Violation of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983; (2) Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983; and (3) Battery under Florida law. (Doc. #23.)

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate

3

factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

To state a section 1983 malicious prosecution claim, plaintiff must allege: "(1) the elements of the common law tort of malicious prosecution, and (2) a violation of [the plaintiff's] Fourth Amendment right to be free from unreasonable seizures." Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004) (citing Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003)). As to the first prong, under Florida law there are six elements of a malicious prosecution claim: (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona

fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding. Kingsland, 382 F.3d at 1234 (citing Durkin v. Davis, 814 So. 2d 1246, 1248 (Fla. 2d DCA 2002)).

Under the second prong of a § 1983 malicious prosecution claim, the plaintiff bears the burden of proving that he was seized in relation to the prosecution, in violation of his constitutional rights. Id. at 1235. "Thus, in addition to the common law elements, a § 1983 plaintiff must prove that he was 'seized in relation to the prosecution, in violation of [his] constitutional rights.'" Donley v. City of Morrow, 601 F. App'x 805, 813 (11th Cir. 2015) (alteration in original) (quoting Kingsland, 382 F.3d at 1235)).

Defendants now move to dismiss Count II of plaintiff's Amended Complaint on the basis that it fails to state a claim for malicious prosecution because plaintiff has not alleged that he was arrested as a result of the deputies' drafting of the incident report regarding resisting arrest or that his conditions of pretrial release constituted a seizure. (Doc. #26.) Plaintiff's Response in opposition to defendants' Motion to Dismiss only discusses the first prong of a claim for malicious prosecution under 42 U.S.C. § 1983. (See Doc. #28.) In defendants' Reply, defendants clarify

that they are not arguing that the first prong of the malicious prosecution claim has not been alleged, but that plaintiff has failed to adequately plead the second prong. (Doc. #33.)

The Court finds that plaintiff has failed to allege facts to support the second prong of a section 1983 malicious prosecution claim. The Complaint is devoid of any allegations that plaintiff was seized in relation to the prosecution in violation of his constitutional rights. (See Doc. #23, ¶¶ 27-47.) Accordingly, plaintiff has failed to state a claim for malicious prosecution under section 1983. See Bloom v. Alvereze, 498 F. App'x 867, 875-76 (11th Cir. 2012) (dismissing plaintiff's federal malicious prosecution claim for failure to allege a seizure in relation to the prosecution).

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss Count II (Malicious Prosecution) and Memorandum of Law (Doc. #26) is **GRANTED**. Count II of plaintiff's First Amended Complaint is **dismissed without prejudice.**

**DONE AND ORDERED** at Fort Myers, Florida, this __6th__ day of April, 2016.

_/s/ John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record